JUDGE SAND
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 00948

---------------------------------------------------------X
ANGSLEY INVESTMENTS LIMITED,

        Plaintiff,

08 CV _____

ECF CASE

- against -

JUPITER DENIZCILIK TASIMACILIK MUMESSILLIK
SAN VE TICARET LIMITED SIRKETI.,

        Defendant.
---------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, ANGSLEY INVESTMENTS LIMITED, (hereafter referred to as "Angsley" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, JUPITER DENIZCILIK TASIMACILIK MUMESSILLIK SAN VE TICARET LIMITED SIRKETI., ("Jupiter" or "Defendant"), alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of a maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331.

2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of laws of St. Vincent and the Grenadines and was from August 1, 2001 to August 6, 2001, the owner of the motor vessel "YIN M", formerly the "M/V Lima I."

3.     Defendant Jupiter was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of Turkey.

4. Plaintiff Angsley purchased the M/V LIMA I from Mercury Shipholding Inc, London ("Mercury") under a Memorandum of Agreement dated May 21, 2001. *See Declaration of Shashank Agrawal annexed hereto as Exhibit "1" ("Agrawal Declaration")*.

5. Subsequently, Plaintiff Angsley entered into a purchase and sale agreement dated July 20, 2001 with Jain Udyog of Kolkata, India for demolition of the M/V LIMA I. *See Agrawal Declaration*.

6. A dispute arose between the Defendant and the former owner of the M/V Lima I. *See Agrawal Declaration*.

7. On August 14, 2001, Defendant, which claimed to have supplied necessaries to the vessel M/V LIMA *II*, sought to arrest the M/V LIMA *I* for its purported claims against the M/V LIMA *II*. Defendant claimed that both vessels were sister vessels under common ownership. Thus, the Indian Court granted an arrest order against the M/V LIMA *I*. *See Agrawal Declaration*.

8. Defendant's arrest of the M/V LIMA I was clearly wrongful under Indian law. *See Agrawal Declaration*.

9. Defendant did not attempt to contact the former Owners of the M/V LIMA I, nor did they inform Plaintiff Angsley of their alleged claims prior to wrongfully obtaining the arrest order in India. *See Agrawal Declaration*.

10. In order to secure release of the M/V LIMA I from the wrongful arrest, Plaintiff Angsley was required to deposit a bank guarantee, together with interest, renewal costs and administrative and legal expenses. *See Agrawal Declaration*.

11. On November 8, 2006, the single Judge of the Bombay High Court held that the arrest was valid and maintainable and awarded Defendant Jupiter the claimed sums along with interest. *See Agrawal Declaration.*

12. Immediately after the decision, Plaintiff Angsley filed an appeal with the appeal court of the Bombay High Court. Before the appeal bench of the Bombay High Court, Angsley brought to the attention of the Judges the fact that Jupiter never placed any material on record to show that the M/V LIMA *I*, on the date of arrest, was a sister vessel to the M/V LIMA *II*, despite its knowledge to the contrary. Further in addition to other points taken in appeal, it was brought to the attention of the appeal bench that the M/V LIMA I was registered in St. Vincent and the Grenadines and this evidence had not been rebutted by Jupiter before the single Judge. In order to prove its bonafides, Angsley produced all original and statutory certificates issued by the Registry of the St. Vincent and the Grenadines, certificates that speak for themselves. The appeal court agreed that the case required further review and consideration and stayed the November 8, 2006 Judgment and order of the single Judge. The appeal is pending before the Bombay High Court. *See Agrawal Declaration.*

13. Defendant acted in bad faith and maliciously and with reckless disregard of Plaintiff's rights in arresting the Vessel.

14. Defendant Jupiter clearly committed wrongful arrest of the M/V LIMA I under Indian law because it acted in bad faith in obtaining the arrest order. *See Agrawal Declaration.*

15. In the event Plaintiff Angsley is aggrieved with the costs awarded by the appeal bench of the High Court, the right to appeal before the Supreme Court of India can be exercised by the Plaintiff Angsley. *See Agrawal Declaration.*

16. Under the foregoing circumstances, Plaintiff Angsley has clearly asserted a claim for recovery of damages, costs and fees for Defendant Jupiter's wrongful arrest of the M/V LIMA I under Indian law. *See Agrawal Declaration*.

17. As a result of Defendant's wrongful arrest of the Vessel, Plaintiff has sustained damages in the total principal amount of $344,302.00, exclusive of interest, costs and attorneys' fees.

18. This action is brought in order to obtain jurisdiction over Defendant, and also to obtain security for Plaintiff's claims and in aid of Bombay High Court proceedings.

19. Interest, legal costs and administrative costs are routinely awarded to the prevailing party under Indian Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Bombay High Court appeal as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim- | |
| | Wrongful Arrest/ Detention Damages: | $344,302.00 |
| B. | Estimated interest on claim - | |
| | 3 years at 7.5% compounded quarterly: | $ 85,977.85 |
| C. | Estimated legal fees and expenses: | $ 50,000.00 |
| **Total:** | | **$480,279.85** |

20. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

21. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, inter alia, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. and/or principles of comity this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$480,279.85** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received

or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court recognize any judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:   New York, NY
         January 29, 2008

                                    The Plaintiff,
                                    ANGSLEY INVESTMENTS LIMITED

                                    By: _____
                                    Patrick F. Lennon
                                    Nancy R. Peterson
                                    Coleen A. McEvoy
                                    LENNON, MURPHY & LENNON, LLC
                                    420 Lexington Avenue, Suite 300
                                    New York, NY 10170
                                    (212) 490-6050 - phone
                                    (212) 490-6070 - facsimile
                                    pfl@lenmur.com
                                    nrp@lenmur.com
                                    cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          January 29, 2008

                                            _____
                                            Nancy R. Peterson

EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGSLEY INVESTMENTS LIMITED,

                      Plaintiff,              08 Civ.

- against -                                   ECF CASE

JUPITER DENIZCILIK TASIMACILIK MUMESSILLIK
SAN VE TICARET LIMITED SIRKETI,

                      Defendant.
----------------------------------------------------------------X

### DECLARATION OF SHASHANK AGRAWAL PURSUANT TO 28 U.S.C. §1746 IN SUPPORT OF PLAINTIFF'S MOTION FOR EX PARTE ORDER OF MARITIME ATTACHMENT

I, SHASHANK AGRAWAL, hereby affirm as follows:

1. I am the foreign counsel for the plaintiff herein, Angsley Investments Limited ("Angsley" or "Plaintiff") in India. I am a qualified lawyer and duly registered to practice with the Bar Council of Maharashtra and Goa since 31 July 2003. The Bar Council of Maharashtra and Goa is under the governing body of the Bar Council of India.

2. In view of the dispute between the Angsley and the Defendant, Jupiter Denizcilik Tasimacilik Mumessillik San ve Ticaret Limited Sirketi ("Jupiter" or "Defendant"), I have been since March 200- advising Angsley in their suit before the Bombay High Court. The case was instituted in the year 2001 by Jupiter against the Plaintiff's vessel the M/V YIN KIM ex LIMA I ("LIMA I"), when it was docked at the Port of Haldia, Kolkata, West Bengal, India.

3. Angsley is a company that is in the business of buying and selling of ships for recycling, is duly incorporated in the St. Vincent and the Grenadines, and continues to be in existence at the time of filing this action.

4. I submit this Declaration based on facts and information known to me personally, as well as documents and information available to me, all of which I believe to be true and accurate.

5. I make this Declaration in support of Plaintiff's Verified Complaint and Motion for an Ex Parte Order of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

6. Angsley purchased the M/V LIMA 1 from Mercury Shipholding Inc., London ("Mercury") under a Memorandum of Agreement dated 21 May 2001. Mercury issued a commercial invoice dated 27 July 2001 to Angsley. Consequent to the commercial invoice being issued, Mercury issued a Bill of Sale dated 1 August 2001 in favor of Angsley. The M/V LIMA 1 was then registered with the ship Registry of St. Vincent and the Grenadines and she flew its flag. The M/V LIMA 1 was eventually deleted from the ship Registry of St. Vincent and the Grenadines on 23 August 2001.

purported claims against the M/V LIMA *II*. Jupiter claimed that both vessels were sister vessels under common ownership. Thus, the Indian Court granted an arrest order against the M/V LIMA I.

9. Jupiter's arrest of the M/V LIMA I was clearly wrongful under Indian law under the circumstances since Jupiter knew through market sources and other sale and purchase brokers involved in the ship demolition business that the M/V LIMA I was already sold to Angsley and was thus clearly no longer under the common ownership of its former owners, who presumably still owned the M/V LIMA *II*. Jupiter on the other hand made no efforts to trace the M/V LIMA *II*, which may still be trading to date and simply chose to arrest the vessel of Angsley wrongfully.

10. Jupiter was also aware of the fact that the M/V LIMA I had been sold by Angsley for demolition to Jain Udyog of Kolkata, India, who was the end buyer for recycling of the Vessel.

11. Jupiter did not attempt to contact the former Owners of the M/V LIMA I, nor did they inform Angsley of their alleged claims prior to wrongfully obtaining the arrest order in India.

12. In its written statements filed with the Indian Court on 16 July 2002, Angsley clearly brought to the attention of the single Judge hearing the case that the ownership of the M/V LIMA I was different from that of the M/V LIMA *II* at the time of arrest and therefore the Vessel should not have been arrested for Jupiter's alleged claims against the M/V LIMA *II*.

13. In any case, in order to secure release of the M/V LIMA I from the wrongful arrest and to fulfill the contractual obligations under the purchase and sale agreement with Jain Udyog of Kolkata, Angsley had to deposit a bank guarantee from a nationalized bank in India for a total amount of USD$100,798 (Principal). In addition to lodging the Principal, Angsley had to renew the bank guarantee each year along with interest at the rate of 30%. In March 2004, the bank guarantee was cashed and the monies were deposited in an interest bearing dollar account with the Bombay High Court. In order to renew the bank guarantee each year, Angsley incurred substantial renewal costs along with administrative and legal expenses.

14. On 8 November 2006, the single Judge of the Bombay High Court held that the arrest was valid and maintainable and awarded Jupiter the claimed sums along with interest.

15. Immediately after the 8 November 2006 decision, and more particularly on or around 15 December 2006, Angsley filed an appeal with the appeal court of the Bombay High Court. On 18 December 2006, the appeal bench after reviewing the appeal memo before it and after hearing the counsels for both Angsley and Jupiter, agreed that the case required further review and consideration and stayed the 8 November 2006 Judgment and order of the single Judge.

16. Under Indian law and procedure, the appeal bench of the Bombay High Court has the power and jurisdiction to vacate the single Judge's order and

award, and to award Angsley a judgment in its favor, without the necessity of remanding the case to the single Judge for further consideration.

17.     Before the appeal bench of the Bombay High Court, Angsley brought to the attention of the Judges the fact that Jupiter never placed any material on record to show that the M/V LIMA I, on the date of arrest, was a sister vessel to the M/V LIMA II, despite its knowledge to the contrary. Further in addition to other points taken in appeal it was brought to the attention of the appeal bench that the M/V LIMA I was registered in St. Vincent and the Grenadinos and this evidence had not been rebutted by Jupiter before the single Judge. In order to prove its bonafides, Angsley produced all original and statutory certificates issued by the registry of the St. Vincent and the Grenadines, certificates that speak for themselves. The appeal is pending before the Bombay High Court. Under the circumstances, Jupiter clearly committed wrongful arrest of the M/V LIMA I under Indian law because it acted in bad faith in obtaining the arrest order.

18.     Under the Bombay High Court rules, the party seeking to arrest a vessel needs to provide an undertaking to pay damages should the arrest be wrongful and prejudicial in nature. In the circumstances, Angsley will seek from the appeal bench of the Bombay High Court loss of interest on the Principal, legal costs, administrative costs and all other recoverable costs. If proved, the appeal bench is likely to make allowance for these costs. In the event Angsley is aggrieved with the costs awarded by the appeal bench of the High Court, the right to appeal before the Supreme Court of India can be exercised by the Angsley.

19. Jupiter is a non-Indian company having no movable or immovable assets in India. Jupiter has no business connection in India. Should the above costs be awarded against Jupiter, Angsley would have no remedy against Jupiter in India and would not be able to execute a decree in its favor. Having said that, the decree would have to be taken to a jurisdiction where Jupiter could be found for execution, where it would be subject to further litigation before the local courts.

20. Under the foregoing circumstances, Angsley has clearly asserted a claim for recovery of damages, costs and fees for Jupiter's wrongful arrest of the M/V LIMA I under Indian law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this Saturday 26 day of January 2008

_____
SHASHANK AGRAWAL

6